FILED

2016 FEB 10 PM 3:41

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATRICE TAMPLIN,

    Plaintiff,

v.                                              CASE NO.: 6:16-cv-229-ORL-18-KRS

ALLY FINANCIAL INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Latrice Tamplin, by and through the undersigned counsel, and sues Defendant, Ally Financial Inc., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. Plaintiff alleges violation(s) of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2. The TCPA was enacted to prevent companies like Defendant, Ally Financial Inc., from invading American citizen's privacy and prevent abusive "robo-calls."

1

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

6. Likewise, the FCCPA is designed and adopted to reinforce individual consumers' rights established by federal law.

## JURISDICTION AND VENUE

7. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

8. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

9. Venue is proper in this District as Plaintiff was a resident in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Henry County. At the time of these actions Plaintiff was a resident of the State of Florida, residing in Volusia County.

11. Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8).

12. Defendant is a person collecting an alleged obligation which arises out of personal, family or household transactions.

13. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

14. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), as she is the subscriber to and regular user of the phone number at issue.

15. Defendant, Ally Financial, Inc., is a corporation which was formed in Delaware with its principal place of business located at 200 Renaissance Center, Detroit, MI 48265 and which conducts business in the State of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

16. Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (678) 851-4294 (hereinafter "cellular telephone numbers"); and was the called party and recipient of Defendant's hereafter described calls.

17. At all times material hereto, Defendant attempted to collect on a debt, loan account number ********3780 (hereafter the "subject account"), which was issued and/or serviced by Defendant.

18. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, from approximately June 2012 through March 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

19. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone numbers were made using and "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

20. Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from the following telephone numbers including, but not limited to: 888-673-8490.

22. Upon receipt of a call from Defendant in or about June of 2012, Plaintiff answered the call, received Defendant's prerecorded message, held on the line to be connected to a live agent/representative and informed the agent/representative of Defendant not to call her or her references on their cellular telephones, to send all communication through regular mail or electronic mail, their incessant calls were harassing her, and, demanded Defendant cease all calls to her aforementioned cellular telephone number, therefore, revoking any previously perceived express consent to be called using the Defendant's ATDS, predictive dialer, prerecorded message or artificial voice.

23. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any expressed consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or pre-recorded or artificial voice.

24. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of Plaintiff.

25. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willfully placed to her cellular phone without expressed consent.

26. Each of the Plaintiff's requests for the harassment to end were ignored.

27. Defendant has called Plaintiff approximately and in excess of three hundred (300) times from June 2012 through March 2015, in an attempt to collect an alleged debt.

28. Defendant attempted to collect a debt from Plaintiff by this campaign of telephone calls.

29. Due to the high call volume of calls placed by Defendant to Plaintiff's cellular telephone number (678) 851-4294, Plaintiff was unable to keep a fully contemporaneous log of each and every call she received from Defendant; however, the following is a sampling of the calls Plaintiff was able to maintain:

1) Two calls on April 17, 2014 at 10:54 a.m. and 6:02 p.m.;

2) Two calls on April 18, 2014 at 10:56 a.m. and 6:02 p.m.;

3) Two calls on April 19, 2014 at 10:54 a.m. and 6:02 p.m.;

4) Two calls on April 20, 2014 at 10:54 a.m. and 6:03 p.m.;

5) One call on April 21, 2014 at 11:30 a.m.;

6) One call on April 28, 2014 at 6:30 p.m.;

7) Two calls on April 30, 2014 at 2:56 p.m. and 5:48 p.m.;

8) Two calls on May 1, 2014 at 10:21 a.m. and 5:22 p.m.

30. Defendant have, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls they made to Plaintiff.

31.     Despite actual knowledge of its wrongdoing, Defendant continued their campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

32.     Defendant has a corporate policy(ies) and/or procedure(s) which are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

33.     Defendant's corporate policy(ies) and procedures provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

34.     Defendant has a corporate policy(ies) of using an ATDS or prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for it's financial benefit.

35.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

36.     Defendant has many similar complaints from consumers across the county, as those alleged in this lawsuit, by Plaintiff.

37.     Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an ATDS or prerecorded or artificial voice immediately upon Defendant's placement of the calls.

38.     Defendant knowingly employ methods and/or has a corporate policy(ies) designed to harass and abuse individuals.

39. Defendant knowingly employs methods and/or has a corporate policy(ies) that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone number.

40. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

41. Not a single call Defendant placed to Plaintiff's cellular telephone numbers was for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

42. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff.

43. As a result of these collection efforts, Plaintiff suffered severe stress, fear, nervousness, emotional and mental distress, worry, anxiety, irritability, embarrassment, humiliation, panic attacks, headaches, loss of ability to perform job duties, as well as a general loss of happiness, loss of concentration, sleep, loss of privacy and damage to reputation and further suffered strain to her marriage and familial relationships due to the attempted collection of the subject account owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

44. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-three (43) above as if fully stated herein.

45. Defendant causes placement of non-emergency telephone calls to Plaintiff's cellular telephone numbers using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent and in violation of federal law, including, 47 U.S.C. § 227(b)(1)(A)(iii).

46. Defendant willfully and/or knowingly violated the TCPA, with respect to all if their calls made to Plaintiff's cellular telephone numbers after Plaintiff revoked consent to be called and without Plaintiff's express consent.

47. Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone numbers after Plaintiff notified Defendant on or about June 2012, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed they had to contact Plaintiff, and told Defendant to cease calling Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-three (43) above as if fully stated herein.

49. At all times relevant to this action, Defendant are subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

50. Defendant have violated Fla. Stat. §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

51. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar No.: 0052284
Attorney for Plaintiff(s)
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com